L286CIRP

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                          19 CR 833(SHS)

5    MATTIE  CIRILO,

6                   Defendant.

7    ------------------------------x
                                          Plea
8

9                                         New York, N.Y.
                                          February 8, 2021
10                                        2:05 p.m.

11
     Before:
12
                      HON. SIDNEY H. STEIN,
13
                                          District Judge
14

15                       APPEARANCES

16   AUDREY STRAUSS
          United States Attorney for the
17        Southern District of New York
     KIERSTEN A. FLETCHER
18        Assistant United States Attorney

19   COHEN, FRANKEL & RUGGIERO, LLP
          Attorneys for Defendant
20   MARK I. COHEN

21

22

23

24

25

L286CIRP

1              (Videoconference; case called)

2              THE COURT:  Good afternoon.

3              Ms. Blakely, call the case, please.

4              THE DEPUTY CLERK:  United States v. Mattie Cirilo, 19

5     CR 833.

6              Counsel, please state your names for the record.

7              MS. FLETCHER:  Good afternoon, your Honor.  Kiersten

8     Fletcher for the government.

9              MR. COHEN:  Good afternoon, your Honor.  Mark Cohen on

10    behalf of Ms. Cirilo.

11             THE COURT:  Good afternoon to both of you.

12             Now, Ms. Cirilo, I can see you.

13             Can you see and hear me?

14             You are muted, ma'am.

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  Good.

17             Mr. Cohen, do you have an application on behalf of

18    your client?

19             MR. COHEN:  I do, your Honor.  After consultation with

20    my client and extensive review of the discovery and discussions

21    of her options with respect to the pending indictment, she has

22    decided and authorized me to enter a guilty plea to the first

23    count of the pending indictment in full satisfaction of all

24    charges pending against her, that being conspiracy to commit

25    wire fraud.

L286CIRP

1          THE COURT:  All right.  Thank you.

2          Ms. Blakely, if you would administer the oath, please,

3   to Ms. Cirilo.

4          THE DEPUTY CLERK:  Please raise your right hand.

5          (Defendant sworn)

6          THE DEPUTY CLERK:  Please state your full name and

7   spell your last name for the record.

8          THE DEFENDANT:  Mattie Elizabeth Cirilo, C-i-r-i-l-o.

9          THE DEPUTY CLERK:  You can put your arm down.  Thank

10   you.

11          THE COURT:  Ms. Cirilo, I take it you are aware that

12   you are being charged with violations of federal law in an

13   indictment lodged by a grand jury against you; is that correct?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  Have you spoke with Mr. Cohen about those

16   charges?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Do you understand also that you have a

19   right to appear before me physically in my courtroom at the

20   courthouse at 500 Pearl Street when you enter a plea of guilty?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  Do you also understand that you have a

23   right to have Mr. Cohen physically standing beside you when you

24   are physically before me in a courtroom and entering a plea of

25   guilty?

L286CIRP

1                THE DEFENDANT:  Yes, your Honor.

2                THE COURT:  Do you also understand that the public

3    health emergency created by COVID-19 has interfered with all of

4    our abilities to be in the courthouse and indeed to my

5    knowledge none of us are in the courthouse.  We're now

6    operating all virtually by way of videoconference on the Skype

7    platform.

8                Do you understand that inability to be in the

9    courthouse now?

10               THE DEFENDANT:  Yes, I understand, your Honor.

11               THE COURT:  Have you discussed all of these issues

12   with Mr. Cohen?

13               THE DEFENDANT:  Yes.  We have, your Honor.

14               THE COURT:  Do you willingly give up your right to

15   appear in person before me with Mr. Cohen physically beside

16   you?

17               THE DEFENDANT:  Yes, your Honor.

18               THE COURT:  Now, I want you to understand that during

19   this conference, you'll have the ability to speak privately

20   with Mr. Cohen.  So if you do want to speak with him, you just

21   let me know.  Say that.  And Mr. Cohen knows that if he wants

22   to speak with you privately, he will let me know.  My deputy

23   will set up a virtual private room.  So you will have the

24   ability to speak privately with him.

25               Do you understand that?

L286CIRP

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  So you will have that.

3          Now, I have a form in front of me.  It's entitled

4   Waiver of Right to be Present at Criminal Proceeding, and it

5   appears to bear your signature.

6          Did you sign that document, ma'am?

7          THE DEFENDANT:  Yes.  I did, your Honor.

8          THE COURT:  All right.  I am going to direct my deputy

9   to affix my signature to the form.  I do accept it.  It also

10  bears the signature of Mr. Cohen.  I do make the finding that

11  this plea cannot be further delayed without serious harm to the

12  interests of justice.

13         Ms. Cirilo, my deputy just administered the oath to

14  you.  Do you understand that as a result of being under oath,

15  if you answer any of my questions falsely, your false or untrue

16  answers may later be used against you in another prosecution

17  for perjury or for making a false statement?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  How old are you, Ms. Cirilo?

20         THE DEFENDANT:  I am 29.

21         THE COURT:  How far did you go in school?

22         THE DEFENDANT:  I graduated high school and then I

23  want to cosmetology school.

24         THE COURT:  Are you able to read, write, speak and

25  understand English?

L286CIRP

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  English is your native language; correct?

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  Are you now or have you recently been

5   under the care of a doctor or psychiatrist?

6          THE DEFENDANT:  No, your Honor.

7          THE COURT:  Have you ever been treated or hospitalized

8   for any mental illness or any type of addiction, including drug

9   or alcohol addiction?

10          THE DEFENDANT:  No, your Honor.

11          THE COURT:  In the past 24 hours, Ms. Cirilo, have you

12   taken any drugs, medicine, or pills or consumed any alcohol?

13          THE DEFENDANT:  No, your Honor.

14          THE COURT:  Is your mind clear today, ma'am?

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  Are you feeling all right?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Do you have an attorney?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  Who is that?

21          THE DEFENDANT:  Mark Cohen, your Honor.

22          THE COURT:  Mr. Cohen, do you have any doubt as to

23   Ms. Cirilo's competence to plead guilty at this time?

24          MR. COHEN:  Judge, I don't.  I want to clarify

25   something, though, if I could.

L286CIRP

1          THE COURT:  Yes.

2          MR. COHEN:  Judge, Ms. Cirilo, contacted me yesterday

3     and indicated to me on Sunday that she was feeling a bit under

4     the weather, and I indicated to her that she should go and take

5     care of matters this morning with a doctor.  My understanding

6     is she did.  My understanding is that she is diagnosed with an

7     illness, but nothing that would prevent her from going forward

8     today.

9          I know she is real nervous and I know we practiced

10    this allocution on Friday.  So maybe she can elaborate for your

11    Honor that she is feeling well and fit enough to go forward

12    despite the fact that she was diagnosed as ill just this

13    morning.

14         THE COURT:  Speak to me, Ms. Cirilo.

15         Well, I am sorry.  Before you do that, here is what I

16    need to have a sense of.  First of all, if for any reason you

17    don't want to enter a plea of guilty today, you don't have to.

18         Do you understand that?

19         THE DEFENDANT:  Yes, your Honor.

20         THE COURT:  In fact, you don't even have to have a

21    reason.  You can say, Judge, I don't want to proceed today and

22    that will be fine with me.  And we can either cancel it or we

23    can set it up again for a later time.  If you decide you don't

24    want to plead guilty, then we won't go forward.  So that's

25    entirely up to you.  That's one point I want to make clear.

L286CIRP

1          The second point is if for any reason your cognition

2     is impaired -- in other words, because of how you're feeling

3     you are not thinking straight -- I need to know that as well.

4     So talk to me a little bit about what happened and how you feel

5     and whether or not you want to proceed now or later.

6          THE DEFENDANT:  Sure, your Honor.  I just been feeling

7     sick.  One of my children was in contact with somebody who had

8     COVID-19.  So over the past few days, I was experiencing

9     symptoms.  This morning I had the rapid test and was positive.

10    So I just am positive for COVID-19.  My symptoms are not that

11    bad, but I am just feeling, like, a little bit under the

12    weather like Mr. Cohen said.  Nothing that would impair my

13    judgment, your Honor.

14          THE COURT:  I understand that.

15          What symptoms are you feeling?

16          THE DEFENDANT:  Just congestion, stuffy nose.  I was a

17    little bit achy over the weekend.  I am the only one in my

18    house that is really experiencing any kind of symptoms.  My

19    kids are okay.  I don't have a fever.  Nothing like that.

20          THE COURT:  Your thinking is clear?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  Well, obviously everybody on the call

23    certainly hopes, and I speak for myself, that your symptoms

24    don't get worse.  I do happen to know some people who have had

25    a slight cold and only later they found out when they were

L286CIRP

1    tested, just as you, that they were positive.  And of course

2    other people have had much more severe symptoms.  I certainly

3    hope yours are mild.

4              We'll proceed.

5              Thank you, Mr. Cohen, for bringing that to my

6    attention.

7              In regard to your diagnosis, not diagnosis, but in

8    regard to the rapid test at least being positive, were you

9    given any medicine or pills or have you taken anything?

10             THE DEFENDANT:  No, your Honor.

11             THE COURT:  I too had the test a couple days ago, but

12   mine was negative.  Everybody is basically in the same position

13   trying to figure out whether or not they are positive.  I was

14   pleased I must say that mine was negative.

15             Are you feeling all right?

16             THE DEFENDANT:  Yes.

17             THE COURT:  And your mind is clear?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  Now, I think, Mr. Cohen, I have already

20   asked you, but I am not sure, but the question is whether you

21   have any doubt as to Ms. Cirilo's competence to plead at this

22   time?

23             MR. COHEN:  I have no doubt, your Honor.

24             THE COURT:  Ms. Cirilo, you heard Mr. Cohen when this

25   conference first started tell me that you wished to enter a

L286CIRP

1   plea of guilty.  I take it that is true, you still wish to

2   enter a plea of guilty; is that correct?

3             THE DEFENDANT:  Yes, your Honor.

4             THE COURT:  Have you had a full opportunity to discuss

5   your case with Mr. Cohen?

6             THE DEFENDANT:  Yes --

7             THE COURT:  Discuss the consequences of entering a

8   plea of guilty?

9             THE DEFENDANT:  Yes, your Honor.

10            THE COURT:  Are you satisfied with Mr. Cohen and his

11  representation of you?

12            THE DEFENDANT:  Yes, your Honor.

13            THE COURT:  On the basis of Ms. Cirilo's responses to

14  my questions and my observation of her demeanor as I can see

15  her on the computer screen, I make the finding that she is

16  fully competent to enter an informed plea at this time.

17            Before I accept a plea from you, I am going to be

18  asking you certain questions and those questions are intended

19  to satisfy me, Ms. Cirilo, that you wish to plead guilty

20  because you are guilty and that you fully understand the

21  consequences of entering a plea of guilt.

22            I am going to be describing to you certain rights you

23  have under the Constitution and laws of the United States.  You

24  are going be giving up those rights if you enter a plea of

25  guilty today.  I want you to listen to me carefully and if you

L286CIRP

1    don't understand anything I am asking you or understand

2    anything I am saying to you, Ms. Cirilo, I want you to stop me.

3    You can ask to speak to Mr. Cohen privately.  You can ask me

4    anything you want.  You can ask Mr. Cohen anything you want.

5    My concern is to make certain that you understand what I am

6    saying to you and you understand what I am asking you.

7             Do you understand that, ma'am?

8             THE DEFENDANT:  Yes, your Honor.

9             THE COURT:  Under the Constitution and laws of the

10   United States, Ms. Cirilo, you have a right to a speedy and

11   public trial by a jury on the charges against, which are

12   contained in Count One of Indictment 19 CR 833.

13            Do you understand that?

14            THE DEFENDANT:  Yes.

15            THE COURT:  If there were a trial, you would be

16   presumed innocent and government would be required to prove you

17   guilty by competent evidence and beyond a reasonable doubt.

18   You would not have to prove you were innocent at a trial.

19            Do you understand that?

20            THE DEFENDANT:  Yes, your Honor.

21            THE COURT:  If there were a trial in your case, a jury

22   of 12 people selected from this district would have to agree

23   unanimously that you were guilty.

24            Do you understand those rights?

25            THE DEFENDANT:  Yes, your Honor.

L286CIRP

1          THE COURT:  You have a right to be represented by an

2     attorney at trial and at every other stage of the proceedings.

3     If you can cannot afford an attorney, one will be given to you

4     at no cost to you.

5          Do you understand those rights?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  If there were a trial, you would have a

8     right to see and hear all of the witnesses against you and your

9     attorney could cross-examine those witnesses.  You would have a

10    right to have your attorney object to the government's evidence

11    and offer evidence on your own behalf if you to so desire and

12    you would also have the right, Ms. Cirilo, to have subpoenaed

13    issued or other compulsory process used to compel witnesses to

14    testify in your defense.

15         Do you understand all of those rights?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  If there were a trial, you would have the

18    right to testify if you wanted to but no one could force you to

19    testify if you did not want to.  No inferences or suggestion of

20    guilt could be drawn if you chose not to testify at a trial.

21         Do you understand that series of rights?

22         Sorry, I didn't hear you.

23         THE DEFENDANT:  Yes.

24         THE COURT:  Do you understand that by entering a plea

25    of guilty now, you are giving up all of the rights I have been

L286CIRP

1    describing to you, you are waiving them and that there will be

2    no trial in this action?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  Do you understand that you have the right

5    to change your mind and refuse to enter a plea of guilty.  As I

6    told you before, you don't have to enter this plea if you do

7    not want to for any reason.  Do.

8              You understand?

9              THE DEFENDANT:  Yes, I understand, your Honor.

10             THE COURT:  Have you received a copy of Indictment 19

11   CR 833?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  Did you discuss it with Mr. Cohen?

14             THE DEFENDANT:  Yes, I have, your Honor.

15             THE COURT:  You have the right to have me read that

16   indictment right now to you; but if you don't want me to read

17   it, I won't.

18             What is your pleasure?

19             THE DEFENDANT:  No.  Thank you, your Honor.

20             THE COURT:  I accept that as a knowing and voluntary

21   waiver.

22             Do you understand that you are charged in Count One

23   with participating in a conspiracy to commit wire fraud in

24   connection with the conduct of telemarketing in violation of

25   18, United States Code, Section 1349 and 2326?

L286CIRP

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Do you understand that if you did not

3  plead guilty, the government would have to prove every element,

4  that is every part, of the charge in Count One beyond a

5  reasonable doubt at trial?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Ms. Fletcher, why don't you let

8  Ms. Cirilo, know, inform Ms. Cirilo as to what the elements are

9  that the government would have to prove beyond a reasonable

10  doubt before the jury could return a verdict of guilt against

11  her.

12          MS. FLETCHER:  Yes, your Honor.

13          If Ms. Cirilo were to proceed to trial, the government

14  would be required to prove that she first agreed with others to

15  commit the crime of wire fraud; and second, that she entered

16  that agreement knowingly and willfully.

17          The crime of wire fraud has three elements:

18          First, that the defendant engaged in a scheme to steal

19  money or property;

20          Second, that she did so by false or fraudulent

21  pretenses; and

22          Third that the scheme involved the use of interstate

23  wires.

24          The government would also be required to prove in

25  order to establish the sentencing enhancement or the penalty

L286CIRP

1   enhancement of Section 2326 that the defendant engaged in

2   telemarketing and that the telemarketing either targeted 10 or

3   more people over the age of 55 -- excuse me -- targeted

4   individuals over the age of 55 or victimized 10 or more people

5   over the age of 55 regardless of whether those individuals were

6   targeted.

7           Finally, the government would be required to prove

8   venue in the Southern District of New York by a preponderance

9   of the evidence.

10          THE COURT:  Ms. Cirilo, do you understand except for

11  the venue aspect the government would have to convince a jury

12  that you had committed each of those elements beyond a

13  reasonable doubt in order for the jury to return a verdict

14  against you?

15          THE DEFENDANT:  Yes, your Honor, I understand.

16          THE COURT:  When Ms. Fletcher was talking about the

17  venue requirement, what that is is it simply is a requirement

18  that at least one act of the conspiracy had taken place in the

19  Southern District of New York and the burden on the government

20  for that is simply to prove it by a preponderance of the

21  evidence.

22          Do you understand that?

23          THE DEFENDANT:  Yes, your Honor.

24          THE COURT:  Do you also understand that the maximum

25  possible penalty of Count One is 30 years in prison; a term of

L286CIRP

supervised release of five years; a maximum fine of the

greatest of $250,000, or twice the gross pecuniary gain derived

from the offense or twice the gross pecuniary loss to

individuals, other than you, resulting from the offense; plus a

$100 special assessment.

          THE DEFENDANT:  Yes, your Honor, I understand.

          THE COURT:  Now, as part of your maximum sentence, I

used the term "supervised release."  That means that you are

going to be monitored upon your release from prison and that

monitoring will be under terms and conditions that could lead

to your reimprisonment without a jury trial for all or part of

the term of supervised release and without credit for time

previously served on postrelease supervision if you violate any

term or condition of supervised release.

          THE DEFENDANT:  Yes, your Honor, I understand.

          THE COURT:  You also understand that I have the

authority to order restitution to anyone injured as a result of

your criminal conduct?

          THE DEFENDANT:  Yes, your Honor.

          THE COURT:  I do intend to impose restitution to those

who have been injured as a result of your conduct.  I am

informing you of that.  Or at least based on what I know so

far, that is my current intention.  I should say that.

          Ms. Fletcher, there is no mandatory minimum here; is

that correct?

L286CIRP

1          MS. FLETCHER:  That is correct.

2          THE COURT:  You also understand, Ms. Cirilo, that if I

3    accept your guilty plea today and determine that you are

4    guilty, that determination may deprive you of such valuable

5    civil rights as the right to vote, the right to hold public

6    office, the right to serve on a jury, and right to possess any

7    kind of firearm.

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  Mr. Cohen, I gather or I assume at this

10   point that your client is a United States citizen; is that

11   correct?

12         MR. COHEN:  Yes, your Honor.  She was born in the

13   United States.

14         THE COURT:  Ms. Cirilo, under current law, there are

15   sentencing guidelines that judges must employ when they are

16   applying -- sorry.  I have to determine what the appropriate

17   guideline range is under the sentencing guidelines as part of

18   the process of sentencing you.

19         Do you understand that?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  Have you talked to Mr. Cohen about the

22   role the advisory sentencing guidelines play in the criminal

23   justice system?

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  Do you understand that I won't be able to

L286CIRP

1   determine what the guideline range is until after I receive a

2   plea sentence report that the Probation Office is going to

3   prepare?

4                THE DEFENDANT:  Yes, your Honor.

5                THE COURT:  Now, you are going to be interviewed by

6   the Probation Department.  I am pretty sure that during the

7   pandemic those interviews are done have virtually not in-person

8   in the courthouse.  Mr. Cohen will have the ability to be there

9   if he so desires.  When you are interviewed, I want you to give

10  the Probation officer complete and accurate information.

11               Do you understand that?

12               THE DEFENDANT:  Yes.

13               THE COURT:  Because I need that report.  It is going

14  to tell me a great deal about you, your crime, your upbringing

15  your education, your family.  A great deal about you.  Right

16  now I am the one who is going to sentence you and I will be the

17  one who sentences you and I don't know what your sentence

18  should be because I don't know enough about you.

19               Do you understand that?

20               THE DEFENDANT:  Yes, your Honor.

21               THE COURT:  Give them complete information.  Answer

22  all of their questions.

23               You and Mr. Cohen and Ms. Fletcher will have the

24  ability to object to any of the findings of fact in that

25  report.

L286CIRP

1           Do you understand all of that?

2           THE DEFENDANT:  Yes, your Honor.

3           THE COURT:  So after I receive that report, I will

4    determine what the guideline range is and then I also will

5    determine whether or not there are grounds to depart from the

6    guidelines, either going above the guideline, that is

7    sentencing you to a term in prison higher than that called for

8    by the guidelines, and similarly I can determine to sentence

9    you to something that is lower than the guidelines, both of

10   those based on a departure from the guidelines if it is

11   appropriate under the guidelines.

12          Do you understand that?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  Even after I do that, I then apply all of

15   the factors in a statute entitled 18, United States Code,

16   Section 3553(a) to determine what my sentence should be.

17          Do you understand that?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  Do you understand that if you are

20   sentenced to prison, parole has been abolished and you will not

21   be released any earlier on patrol?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  Do you also understand that if anyone,

24   including Mr. Cohen or Ms. Fletcher, or anyone else has told

25   you what you are going to receive as a sentence or even if you

L286CIRP

1  yourself think you know what you are going to receive,

2  everybody could be wrong; do you understand that?

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  I have already explained why, and that is

5  because I am going to sentence you and I don't know what your

6  sentence is going to to be.  If you do receive a sentence that

7  is different from what anyone has told you it is going to be or

8  if it is different than what you think it is going to be, you

9  are still going to be bound to this guilty plea if you proceed

10  with it and you won't be able to withdraw it.

11          Do you understand that?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  Now, I have a document here.  It is dated

14  January 11.  It's addressed to Mr. Cohen.  It's six pages long.

15  It appears to be signed by Ms. Fletcher and also by Mr. Cohen.

16  It appears that you have signed it as well.

17          Did you sign this document on January 27th?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  I am going to call it the plea agreement.

20          When you signed that plea agreement, did you

21  understand it?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  Had you read it before you signed it?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  Did you discuss it with Mr. Cohen before

L286CIRP

1    you signed it?

2            THE DEFENDANT:  Yes, your Honor, I did.

3            THE COURT:  Do you believe you fully understood the

4    agreement when you signed it?

5            THE DEFENDANT:  Yes, your Honor.

6            THE COURT:  Do you think you understand it now?

7            THE DEFENDANT:  Yes, your Honor.

8            THE COURT:  All right.  Does this letter agreement,

9    the plea agreement, the document I am talking about, constitute

10   your complete and total understanding of the entire agreement

11   between the government, Mr. Cohen, and yourself?

12           THE DEFENDANT:  Yes, your Honor.

13           THE COURT:  Is everything about your plea and sentence

14   contained in this agreement?

15           THE DEFENDANT:  Yes, your Honor.

16           THE COURT:  Has anything been left out?  Are there any

17   side agreements or side deals I should know about?

18           THE DEFENDANT:  No, your Honor.

19           THE COURT:  Do you understand that in this agreement

20   you have admitted a forfeiture allegation in Count One and

21   agreed to forfeit to the United States $30,000?

22           THE DEFENDANT:  Yes, your Honor.

23           THE COURT:  Do you understand that you have agreed to

24   make restitution in an amount ordered by me?

25           THE DEFENDANT:  Yes, your Honor.

L286CIRP

1          THE COURT:  Now, in this agreement it looks like the

2     parties have stipulated that they have agreed that the

3     guideline range in your case is 41 to 51 months' imprisonment.

4          Do you understand that?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  What is important for you to understand is

7     that is simply an agreement between the government and Mr.

8     Cohen, and I determine what the guideline range is.  I can

9     determine if it is appropriate under the law that the guideline

10    range is greater than that or for that matter I can determine

11    that it is less than that.  What I am trying to tell you is

12    this stipulation of 41 to 51 months is something that I am not

13    bound to.  I am only bound to follow the law, but not a

14    stipulation of the parties.

15         Do you understand that?

16         THE DEFENDANT:  Yes.

17         THE COURT:  Do you understand that you've agreed not

18    to file a direct appeal and you have agreed not to bring a

19    collateral attack to the sentence if I sentence you to 51

20    months or fewer months in prison?

21         THE DEFENDANT:  Yes, your Honor.

22         THE COURT:  Do you understand that you've agreed to

23    waive any defense based on the statute of limitations?

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  Mr. Cohen, are you aware of any valid

L286CIRP

| 1 | defense that would prevail at trial or know of any reason why

| 2 | Ms. Cirilo should not be permitted to plead guilty?

| 3 |         MR. COHEN:  No, your Honor.

| 4 |         THE COURT:  In your view, sir, is there an adequate

| 5 | factual basis to support your client's plea?

| 6 |         MR. COHEN:  Yes, your Honor.

| 7 |         THE COURT:  Ms. Fletcher, to you is there an adequate

| 8 | factual basis to support Ms. Cirilo's plea in this case?

| 9 |         MS. FLETCHER:  Yes, your Honor.

| 10 |         THE COURT:  Ms. Cirilo, slowly and clearly tell me

| 11 | what you did here that makes you guilty of Count One.

| 12 |         MS. FLETCHER:  I am sorry, your Honor.  Before

| 13 | Ms. Cirilo goes on, could I ask your Honor to please inquire

| 14 | whether anyone has threatened Ms. Cirilo or attempted to force

| 15 | her to plead guilty today?  I didn't hear that question in your

| 16 | Honor's exchange with her.

| 17 |         THE COURT:  No, I did not ask it.  Thank you.

| 18 |         Ms. Cirilo, has anyone offered you any inducements or

| 19 | threatened you or forced you to plead guilty or to enter into

| 20 | this plea agreement?

| 21 |         THE DEFENDANT:  No, your Honor.

| 22 |         THE COURT:  Thank you.

| 23 |         Anything else, Ms. Fletcher?

| 24 |         MS. FLETCHER:  One more thing, your Honor.  When your

| 25 | Honor was covering with Ms. Cirilo the rights she would have if

L286CIRP

1    she attempted to -- if she did not wish to plead guilty and

2    thought to go to trial, your Honor explained that she would

3    have the right to plead not guilty, the right to trial by jury,

4    that she would be presumed innocent.  I apologize but I didn't

5    hear your Honor ask Ms. Cirilo if she understood that by

6    pleading guilty, she would be waiving those rights.

7            THE COURT:  Well, Ms. Cirilo, what is important that

8    you realize is that if you do plead guilty, if you wish to

9    proceed with this allocution, you are going to be waiving all

10   of the rights that I told you you had under the Constitution

11   and laws of the United States.

12           Do you understand that?

13           THE DEFENDANT:  Yes, your Honor.

14           THE COURT:  Ms. Fletcher, anything else?

15           MS. FLETCHER:  No.  Thank you, your Honor.

16           THE COURT:  Mr. Cohen, did you have anything else?

17           MR. COHEN:  No, sir.

18           THE COURT:  Ms. Cirilo, tell me what you did.

19           THE DEFENDANT:  From September 2018 to November 2019

20   in New Jersey; Manhattan, New York, and elsewhere, I made an

21   agreement with other people to defraud at least 10 or more

22   victims over the age of 55 by participating in a telemarketing

23   scheme.  Specifically, on a number of occasions I spoke with

24   victims to prevent them from obtaining refunds on investments

25   they made with my co-conspirators in the scheme.  At this

L286CIRP

1    time -- at the time I enter into this agreement, I knew it was

2    illegal to do so.

3              THE COURT:  Tell me exactly what you did.  Did you try

4    to avoid charge-backs on the credit card accounts of the

5    victims?

6              THE DEFENDANT:  Yes.

7              THE COURT:  How would you do that?

8              THE DEFENDANT:  I would -- if somebody was to call in

9    my -- I was supposed to forward them to somebody named Mike

10   Nell, and I would fill out a refund form and then they would

11   basically go through, like, a refund avoidance process.  I am

12   sorry.  I am not sure if I am explaining this properly.

13             So if somebody calls in and they wanted a refund from

14   the -- what they purchased, I was supposed to fill out a form

15   and send them over -- set up an appointment with somebody who

16   was supposed to save the sale.

17             THE COURT:  So let me unpack that a little bit.

18             Was your sales floor in New Jersey?

19             THE DEFENDANT:  Yes.

20             THE COURT:  In Englewood?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  You were selling biz ops, business

23   opportunities; correct?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  And you knew that the victims were not

L286CIRP

1    going to make it -- the customers were really victims because

2    they were not going to make any money on the so-called business

3    opportunities; right?

4            THE DEFENDANT:  Yes, your Honor.

5            THE COURT:  So if I understand you correctly, and

6    don't let me put words in your mouth because I need to know

7    what the truth is, not simply my view of it because I may be

8    mistaken here, but I think what you are telling me -- again,

9    don't hesitate to correct me if I am wrong -- is that when a

10   customer would call in and say -- I am making it up -- my

11   credit card has been charged for X amount of money and I don't

12   want that or I don't like your product or whatever the reason,

13   that call would be transferred in some way to you; correct?

14           THE DEFENDANT:  I would be answering the phone, your

15   Honor.  So whoever called, I answered.

16           THE COURT:  You would answer the phones at the sales

17   floor?

18           THE DEFENDANT:  Yes, your Honor.

19           THE COURT:  Okay.  And if the person said, I want my

20   money back, you would then transfer that call to somebody else;

21   correct?

22           THE DEFENDANT:  Yes, your Honor.

23           THE COURT:  And you knew that that person would try to

24   make sure that the customer still was going to be charged for

25   the purchasing the business opportunity?

L286CIRP

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Did you do anything besides that?  Did you

3    simply transfer the call to the person was going to talk to

4    them or did you do something else?

5          THE DEFENDANT:  Yes, your Honor.  Over the course of

6    me working there, I was to -- towards the end, I was given

7    access to -- I am not really sure this is relevant.  I was

8    supposed to, like, tell them that they needed to give it three

9    months in order to work, the program.  So that they -- you

10   know, if they were calling in after a couple of days, they

11   shouldn't cancel because nothing is going to work until -- no.

12   If the reason they were unsatisfied was because it wasn't

13   working, I would tell them that it is not working because it

14   takes longer.

15         THE COURT:  Right.  I understand.  I think I

16   understand.  Let me see if I do.

17         When they say in words or is substance, I want my

18   money back, you would say:  Give it some time.  It takes three

19   months for you to see returns on business opportunities.  It

20   has only just started.  So don't push us yet.  Give it some

21   time.

22         Is that basically it?

23         THE DEFENDANT:  Yes, your Honor.

24         THE COURT:  All right.  And when you did that, what

25   led you to think that it would simply take some time and things

L286CIRP

 1 | would be better after three months?

 2 |         THE DEFENDANT:  I -- that's just the -- what I was

 3 | taught to -- I mean, I -- I--

 4 |         THE COURT:  That was just a script.  They told you

 5 | this is what you were to do?

 6 |         THE DEFENDANT:  Yes, your Honor.

 7 |         THE COURT:  Okay.  Again, I don't want to put words in

 8 | your mouth.  So is that pretty accurate?

 9 |         THE DEFENDANT:  Yes, your Honor.  I had some

10 | understanding of how it works, and after a certain time -- yes,

11 | your Honor.  Yes.

12 |         THE COURT:  When you did all of this, did you know

13 | what you were doing was wrong and illegal?

14 |         THE DEFENDANT:  Yes, your Honor.

15 |         THE COURT:  Ms. Fletcher, what evidence do you have

16 | against Ms. Cirilo?

17 |         MS. FLETCHER:  Your Honor, could I ask the Court to

18 | inquire of Ms. Cirilo on one additional fact?

19 |         THE COURT:  Of course.

20 |         MS. FLETCHER:  Ms. Cirilo said that she spoke to

21 | individuals on the phone.  If your Honor could just confirm

22 | that some of those individuals were in another state and

23 | therefore she was communicating via interstate wires.

24 |         THE COURT:  I did not realize that.

25 |         Is that true?  You were in New Jersey?

L286CIRP

1              THE DEFENDANT:  Yes.

2              THE COURT:  Was the person or persons you were

3    transferring the call to in another state?

4              THE DEFENDANT:  Yes, your Honor.  The person that I

5    was transferring them to speak to was I believe -- I am not

6    sure where he was to be honest.  I think Utah.  But there were

7    a couple of different people.

8              THE COURT:  Did you know he was not in New Jersey?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  What was his name?

11             THE DEFENDANT:  Mike Nell.

12             THE COURT:  Good ahead.  I didn't mean to cut you off.

13             THE DEFENDANT:  There was one other person I would

14    transfer to named -- I can't remember his name.  I am sorry.

15             THE COURT:  Do you know where he was located?

16             THE DEFENDANT:  I think he was in Arizona, but I know

17    that when I spoke to -- I don't know how much I am supposed to

18    say.  When I spoke to the prosecutors in the past, I believe I

19    gave his name.  I remembered it at that time.  I just can't

20    remember now.

21             THE COURT:  That's okay.  Thank you.  What you are

22    supposed to do is simply answer my questions.  So you don't

23    have to worry about that.  So answer the questions.

24             THE DEFENDANT:  Okay.

25             THE COURT:  Government, what evidence do you have?

L286CIRP

1          MS. FLETCHER:  Your Honor, if Ms. Cirilo were to

2     proceed to trial, the government would introduce testimony of

3     victims of the business opportunity scheme; electronic evidence

4     taken from the Englewood sales floor; paper documents,

5     including paper documents taken from Ms. Cirilo's desk; the

6     testimony of cooperating witnesses and at least one

7     recording -- audio recording made of the defendant.

8          THE COURT:  All right.  Thank you.

9          Ms. Cirilo, how do you now plead to the charge in

10     Count One, guilty or not guilty?

11          THE DEFENDANT:  Guilty, your Honor.

12          THE COURT:  Are you pleading guilty, Ms. Cirilo,

13     because you are guilty?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  Are you pleading guilty voluntarily and of

16     your own free will?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Because you acknowledge you are guilty as

19     charged, because I find you know your rights and are waiving

20     them knowingly and voluntarily, because I find your plea is

21     entered knowingly and voluntarily and supported by an

22     independent basis in fact containing each of the essential

23     elements of the offense, I accept your guilty plea and I

24     determine you to be guilty of the offense to which you have

25     pled.

L286CIRP

1              Do you understand that?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  Ms. Blakley, if you have a date for

4    sentencing, please.

5              THE DEPUTY CLERK:  May 10th at 2:30 p.m.

6              MR. COHEN:  Judge, may I just be heard on one matter,

7    please?

8              THE COURT:  Of course.

9              MR. COHEN:  Thank you, sir.

10             Judge, as you are aware, you recently accepted a plea

11   from Ms. Cirilo's husband, Mr. Larkin.  The defense

12   respectfully requests, if at all possible, that Ms. Cirilo be

13   permitted to be sentenced after her husband.  There are

14   childcare issues that we'll have to resolve going forward,

15   etc., and I was hopeful to have at least my client have some

16   sense as to what her husband's sentence will be prior to the

17   time of her sentencing.

18             THE COURT:  I am not sure I understand that, sir.  It

19   seems to me that the issue of childcare of course can and

20   should be raised at the time of sentencing.  That I understand.

21   In other words, hypothetically let's assume both husband and

22   wife are being sentenced to X amount of time in prison.  The

23   issue of whether or not they should serve that time in prison

24   at the same time or not obviously is an issue to be raised at

25   the time of sentencing.  Indeed, you know if there are not

L286CIRP

other people to care of the child, in any event certainly there

is a great interest in having children having one parent

present in their lives at all times.  Ideally both.  My

presumption is that I would be sympathetic to the parents not

being incarcerated at the same time.  That is an argument that

I think can and should be made at the time of sentencing.

          The advantage to me of sentencing a certain number of

the people in this conspiracy or in this indictment at the same

time, makes it more straightforward for me to be able to think

about that aspect of 3553(a) that talks about avoiding

unwarranted disparities in terms of this type of fraud and also

unwarranted disparities within this fraud itself.  So I am

better able to analyze that to the extent I am doing it at or

about the same time.

          I am trying to understand.  What is to be gained in

the calculus of that decision-making --

          MR. COHEN:  Judge --

          THE COURT:  -- by having the sentences be imposed at a

different time?  I understand not being served at the same

time.  Why have the sentences imposed at a different time?

          MR. COHEN:  Judge, I have been struggling with trying

to help Ms. Cirilo behind the scenes of the case work her way

through an adoption procedure.  Your Honor can't be aware of

this yet, but she does share one child with Mr. Larkin and then

Mr. Larkin has another young child that Ms. Cirilo has been

L286CIRP

1    helping to raise.  In fact, to her credit she has applied for

2    and she is in the process of formally attempting to adopt the

3    child.  So I understand your Honor's concern about my request.

4    It's just that where we are right now certainly we've been

5    completely candid and I have spoken with counsel in the

6    adoption proceeding, counsel from New Jersey, on Ms. Cirilo's

7    behalf to give updates on the criminal prosecution.  As your

8    Honor can imagine Child Services in New Jersey is concerned

9    about this case.

10          So I am not at all, your Honor, trying to manipulate

11   sentencing dates for any sympathy reasons.  I am just trying to

12   coordinate and see whether or not this adoption ultimately goes

13   through.  My concern would be that if Mr. Larkin was sentenced

14   to a period of time of incarceration, we can then inform the

15   authorities in New Jersey and how this might impact on this

16   adoption that has been ongoing.  That was my only thinking.  It

17   had less to do with sentencing and the permanent situation of

18   the children or at least of the one child.

19          THE COURT:  I am not sure I understand it even now.

20   What is it that you are asking?

21          MR. COHEN:  All I am asking is to have Mr. Larkin

22   sentenced first.  I am not asking to go much past his

23   sentencing date.

24          THE COURT:  What is his sentencing date?

25          MR. COHEN:  Ms. Cirilo, do you know?

L286CIRP

| | |
|---|---|
| 1 | THE DEFENDANT:  I am sorry.  I don't know.  May 25th. |
| 2 | THE COURT:  My deputy will know. |
| 3 | THE DEPUTY CLERK:  May 26th. |
| 4 | THE COURT:  Put Ms. Cirilo on for two weeks later. |
| 5 | MR. COHEN:  Thank you, your Honor. |
| 6 | THE DEPUTY CLERK:  June 9th at 2:30. |
| 7 | THE COURT:  June 9th at 2:30.  The date for sentencing |
| 8 | is June 9th at 2:30.  I expect you to be in the courtroom, |
| 9 | pandemic permitting it, at that time and date or any adjourned |
| 10 | date that I set. |
| 11 | Ms. Fletcher, is there any application with regard to |
| 12 | bail? |
| 13 | MS. FLETCHER:  No, your Honor. |
| 14 | THE COURT:  Ms. Cirilo, you are going to remain out on |
| 15 | bail, but you have to follow all of the conditions that you |
| 16 | have been released on up until now. |
| 17 | Do you understand that? |
| 18 | THE DEFENDANT:  Yes, your Honor. |
| 19 | THE COURT:  Let me ask you another question, |
| 20 | Ms. Cirilo, to the extent you know the answer.  You may not |
| 21 | know the answer.  Why did you do this? |
| 22 | THE DEFENDANT:  Um, I am not really sure.  Sorry. |
| 23 | MR. COHEN:  Judge, if I might.  You heard Ms. Cirilo |
| 24 | mention that she proffered to the government when she said that |
| 25 | she met with the prosecutors. |

L286CIRP

1              THE COURT:  Yes.

2              MR. COHEN:  I can tell the Court that Ms. Cirilo has

3    been going through a rather difficult time with this.  She has

4    been in acceptance of responsibility since the minute I met

5    her.  I can tell the Court that she asked me specifically if

6    she would have to apologize or discuss these issues today, and

7    I counseled her that it would likely not come up and it would

8    be something that today more or less the cold hard fact of

9    guilt or not guilty and that we would address these issues

10   going forward.

11             I can assure the Court I have had countless

12   conversations with Ms. Cirilo.  In fact, I did something in

13   this case I don't think I have done very often.  I submitted a

14   nine-page letter to the government in support of our plea

15   negotiations in which Ms. Cirilo admitted to everything that

16   she did in that letter as well as the proffer.  So please don't

17   take this as her dancing around your question.  I just think

18   you caught her a little off guard in comparison to how I

19   counseled her things would go.

20             THE COURT:  Well, I am sure that is true.  That may be

21   one reason I asked the question.  Let's move forward.

22             Ms. Cirilo, I will see you on the date of sentencing

23   or any adjourned date that I set.  Just follow all of the

24   conditions you've been released on up until now.

25             The question I asked you why did you do this isn't

L286CIRP

1    always an easy one to answer.  I understand that.  I am

2    certainly going to ask you that at your sentencing.

3              Anything else, government?

4              MS. FLETCHER:  No.  Thank you, your Honor.

5              THE COURT:  Defense?

6              MR. COHEN:  No.  Thank you very much, your Honor.

7              THE COURT:  The Court is leaving the call.  Thank you

8    all.

9                              o0o

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25